IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:13-CR-294 |
| v. | **PLEA AGREEMENT** |
| **BOOKER VANDERHORST** | |

## General Provisions

This PLEA AGREEMENT is made this 17th day of January, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Assistant United States Attorney Nathan Williams; the Defendant, **BOOKER VANDERHORST**, and Defendant's attorney, Ann Walsh.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count Two and Three of the Indictment now pending, which charges "Use of a Facility in Interstate Commerce to Carry On an Unlawful Activity," a violation of Title 18, United States Code, § 1952(a)(3) (Count Two) and "Possession of a Firearm by a Prohibited Person (Felon)," a violation of Title 18, United States Code, § 922(g)(Count Three).

   In order to sustain its burden of proof, the Government is required to prove the following:

### Count Two, 18 U.S.C. § 1952(a)(3)

That from in or around July 2012, to in or around October 2012, in the District of South Carolina, the Defendant:

(1) Used the facilities of interstate commerce, that is telephones and/or the internet;

(2) With the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity, specifically causing a person under the age of eighteen to engage in a commercial sex act affecting interstate commerce under 18 U.S.C. § 1591(a); and

(3) Subsequently there was performance of an act to promote, manage, establish and carry or, and to facilitate the promotion, management, establishment and carrying on of the unlawful activity.

The penalty for this offense is:

MAXIMUM TERM OF IMPRISONMENT: 5 YEARS
MAXIMUM FINE AMOUNT:          $250,000.00
MAXIMUM SUPERVISED RELEASE:   3 YEARS
SPECIAL ASSESSMENT:           $100.00

### Count Three, 18 U.S.C. § 922(g)

That on or about October 24, 2012, in the District of South Carolina:

(1) The defendant knowing possessed firearm, that is a 9mm pistol, as charged;

(2) At the time he possessed the firearm he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

(3) The possession of the firearm was in or affecting interstate commerce.

The penalty for this offense is:

```
MAXIMUM TERM OF IMPRISONMENT:  10 YEARS
MAXIMUM FINE AMOUNT:           $250,000.00
MAXIMUM SUPERVISED RELEASE:    3 YEARS
SPECIAL ASSESSMENT:            $100.00
```

1. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the

defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant

agrees to cooperate fully with the Government in identifying all victims.

  C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

2. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment [and any other indictments under this number] at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that, apart from what is contained elsewhere in this plea agreement, Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from

Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should

be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

6. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of

counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

7. If the Defendant complies with all the terms of this Agreement, both parties agree that the appropriate disposition of this case (irrespective of any fines and/or forfeitures) is a sentence of no more than 60 months incarceration, followed by the appropriate statutory term of supervised release. In the event that the Defendant complies with all terms of this Agreement and the Court declines to impose this sentence, the Defendant will have the right to withdraw his FRCRP 11(C)(1)(c) plea. If the Defendant does not comply with all the terms of this Agreement, the United States will seek the maximum sentence

allowed by law and the Defendant will not be allowed to withdraw his plea.

8. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 1/17/2014<br>Date | *Booker J. Vanderhorst*<br>**BOOKER VANDERHORST**, DEFENDANT |
| 1/17/2014<br>DATE | *Ann Walsh*<br>ANN WALSH<br>ATTORNEY FOR THE DEFENDANT |
| 1/17/14<br>Date | WILLIAM N. NETTLES<br>UNITED STATES ATTORNEY<br>*Nathan Williams*<br>NATHAN WILLIAMS (#10400)<br>ASSISTANT UNITED STATES ATTORNEY |

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

| ACCOUNT INFORMATION | |
|---|---|
| **CRIM. ACTION NO.:** | 2:13-CR-294 |
| **DEFENDANT'S NAME:** | BOOKER VANDERHORST |
| **PAY THIS AMOUNT:** | $200.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* ***(Do Not send cash)***

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*